**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROSA HAYDEE HERNANDEZ-
ROMERO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    15-70902

Agency No. A094-190-612

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 21, 2019
San Francisco, California

Before:  BYBEE and N.R. SMITH, Circuit Judges, and MENDOZA,[**] District
Judge.

Rosa Hernandez–Romero, a native and citizen of El Salvador, petitions for

review of the dismissal of her appeal by the Board of Immigration Appeals

("BIA"), following an Immigration Judge's ("IJ") order of removal and denial of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Salvador Mendoza, Jr., United States District Judge
for the Eastern District of Washington, sitting by designation.

her applications for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. We deny the petition for review in part, grant the petition in part, and remand for further proceedings.

1. Substantial evidence supports the BIA's conclusion that Hernandez–Romero was removable as an alien smuggler. First, Hernandez–Romero's due process rights were not violated by the admission of the statement she made at the border before being informed of her right to counsel. Hernandez–Romero was not in formal removal proceedings when she made the statements to the border agent; therefore, the border agent was not required under the regulation to provide her with advisals regarding her right to counsel.[1] *See Samayoa–Martinez v. Holder*, 558 F.3d 897, 901 (9th Cir. 2009); 8 C.F.R. § 287.3(c).

Second, Hernandez–Romero's due process rights were not violated by the admission of the Forms I-213 and G-66 without requiring the government to produce the creator of the documents. We have long held that these forms are reliable documents and admissible absent evidence challenging the documents

---

[1] Hernandez–Romero did not assert that the agency egregiously violated her Fourth Amendment rights to the BIA or in her opening brief. *See Perez Cruz v. Barr*, 926 F.3d 1128, 1137 (9th Cir. 2019) (outlining exceptions to the Fourth Amendment Exclusionary Rule in immigration proceedings). Thus she did not exhaust this issue before the BIA, *Barron v. Ashcroft*, 358 F.3d 674, 676–78 (9th Cir. 2004), and has waived it on appeal, *Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

2

authenticity or reliability, which Hernandez–Romero did not present. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995).

Finally, the BIA did not err in sustaining the alien smuggling charge. Hernandez–Romero's actions met the elements of 8 U.S.C. § 1182(a)(6)(E)(i). The record supports the conclusion that, despite learning that the minor child's documents were fraudulent just prior to presenting herself and the minor child at the border, Hernandez–Romero nevertheless knowingly presented those false documents to the border agent.

2.     The BIA concluded that Hernandez–Romero was not eligible for cancellation of removal, because (A) she failed to establish seven years of residency after being admitted in any status and (B) she was excluded under 8 U.S.C. § 1229b(c)(6) because she received suspension of removal under NACARA § 203.

A.     Since the BIA issued its decision, we issued *Ramirez v. Brown*, 852 F.3d 954 (9th Cir. 2017). In *Ramirez*, we concluded that a Temporary Protected Status ("TPS") recipient is considered "inspected and admitted" for purposes of determining eligibility for adjustment of status. *Id.* at 964. Because the BIA did not have the benefit of this opinion in determining whether Hernandez–Romero was admitted when she received her TPS status, we remand this issue back for the

3

BIA to address in the first instance. *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

B.     As the agency acknowledged, § 1229b(c)(6) does not specifically address persons who were granted special rule cancellation of removal under NACARA § 203. We recognize that NACARA § 203(f)(1) provides authority to the Attorney General to act under § 1229b; however, it is ambiguous whether Congress intended § 1229b(c)(6) to extend to NACARA § 203 recipients. Although we owe deference to the BIA's interpretation of the Immigration and Naturalization Act, we cannot accord deference under *Chevron U.S.A. Inc., v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) "to the [BIA's] unpublished decision[], . . . because [it will] not bind future parties." *Marmolejo-Campos v. Holder*, 558 F.3d 903, 909 (9th Cir. 2009) (en banc). We are also unable to apply deference under *Skidmore v. Swift & Co.*, because the BIA did not provide sufficient reasoning for its decision. 323 U.S. 134, 140 (1944) (noting that deference "depend[s] upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control"). We therefore remand this issue to the BIA for additional investigation or explanation. *See Negusie v. Holder*, 555 U.S. 511, 523 (2009).

3.     Substantial evidence supports the BIA's decision that Hernandez–Romero failed to establish past persecution or a reasonable probability of persecution or torture if she returns. Hernandez–Romero did not experience past persecution, and she failed to establish that she will be subjected to persecution on account of a protected ground in the future. Accordingly, Hernandez–Romero's claims of asylum and withholding of removal fail. *See Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014). Even though the IJ acknowledged that El Salvador was dangerous, Hernandez–Romero failed to establish she would be tortured or that the government would acquiesce in the torture. *See Arteaga v. Mukasey*, 511 F.3d 940, 948–49 (9th Cir. 2007).

The parties shall bear their own costs on appeal.

**PETITION FOR REVIEW GRANTED in part, DENIED in part, and REMANDED.**